```
1  BENJAMIN B. WAGNER
   United States Attorney
2  MICHAEL M. BECKWITH
   JARED C. DOLAN
3  Assistant U.S. Attorney
   501 I Street, Suite 10-100
4  Sacramento, California 95814
   Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:11-CR-00323-JAM |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY - 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| KENNETH GEORGE EATON, WILLIAM JOSEPH BOHAC, JONATHAN DALE GANEY, and THOMAS EUGENE GANEY, | ) ) ) ) | |
| Defendants. | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about July 19, 2011, during the execution of a federal search warrant agents seized the following:

    a.    Approximately $46,000.00 in U.S. Currency.

Hereinafter, the above-referenced asset is referred to as the "seized asset".

1   In accordance with 18 U.S.C. § 983(a)(1), the Drug
2  Enforcement Administration ("DEA") sent notice to all potential
3  claimants of its intent to forfeit the seized asset in a non-
4  judicial forfeiture proceeding, and caused notice to be published
5  in a newspaper of general circulation.
6   On or about October 14, 2011, defendant William Joseph Bohac
7  filed a claim contesting the administrative forfeiture of the
8  seized asset above pursuant to 18 U.S.C. § 983(a)(2).
9   Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90
10  days in which to 1) return the property to the defendant, 2)
11  commence a civil judicial forfeiture action, or 3) commence a
12  criminal forfeiture action by including the seized asset in a
13  criminal indictment.  On July 28, 2011, the government elected
14  the third option when it filed an Indictment containing a general
15  forfeiture allegation.  On January 4, 2012, the government filed
16  a Bill of Particulars that includes forfeiture of the seized
17  asset.  The Indictment and Bill of Particulars are now pending in
18  this Court.
19   Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when
20  the government elects the third option, it must "take the steps
21  necessary to preserve its right to maintain custody of the
22  property as provided in the applicable criminal forfeiture
23  statute".  The applicable forfeiture statute in this case is 21
24  U.S.C. § 853.  That statute prescribes several methods for
25  preserving property for the purpose of criminal forfeiture.
26   Section 853(f) authorizes the issuance of a criminal seizure
27  warrant.  However, in cases like this one, where the property in
28  question is already in government custody, it is not appropriate

for a court to issue a seizure warrant directing the government to seize property from itself.  In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture.  However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

　　　　Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.  The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized asset pursuant to a federal search warrant, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the U.S. Marshals Service, may continue to maintain custody of the seized asset until the criminal case is concluded.

　　　　Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized asset through the conclusion of the pending criminal case, and stating

///
///
///
///

1 that such order satisfies the requirements of 18 U.S.C.
2 § 983(a)(3)(B)(ii)(II).
3 DATED: 4/18/2012           BENJAMIN B. WAGNER
                             United States Attorney
4
5                      By:   /s/ Jared C. Dolan
                             JARED C. DOLAN
6                            Assistant U.S. Attorney
7
8                            **ORDER**
9      This matter comes before the Court on the motion of the
10 United States for an Order authorizing the government and its
11 agencies to maintain custody of certain property pending the
12 conclusion of the pending criminal case.  For the reasons
13 provided in the government's motion, the Court makes the
14 following orders:
15      IT IS HEREBY ORDERED, that the United States and its
16 agencies, including the DEA and/or the U.S. Marshals Service, are
17 authorized to maintain and preserve the following asset until the
18 conclusion of the instant criminal case, or pending further Order
19 of this Court:
20      a.   Approximately $46,000.00 in U.S. Currency.
21
22      IT IS SO ORDERED.
23 DATED: April 19, 2012      /s/ John A. Mendez
                             JOHN A. MENDEZ
24                           United States District Court Judge
25
26
27
28